# No. 24-1963

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

OPENAI, INC.,

*Plaintiff-Appellee,*

v.

OPEN ARTIFICIAL INTELLIGENCE, INC. AND GUY RAVINE,

*Defendants-Appellants.*

*On Appeal From The United States District Court For The Northern District Of California*
*Hon. Yvonne Gonzalez Rogers, District Judge*
*Case No. 4:23-cv-03918-YGR*

## Appellee's Supplemental Excerpts of Record
## Volume 1 of 2

Margret M. Caruso
Robert P. Feldman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, CA 94065 (650)
801-5000

Robert M. Schwartz
Aaron H. Perahia
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

William B. Adams
Dylan I. Scher
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Sam S. Stake
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

*Counsel for Plaintiff-Appellee*

June 5, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC.,, <br><br>        Plaintiff, <br><br>    v. <br><br> OPEN ARTIFICIAL INTELLIGENCE, INC., and GUY RAVINE. <br><br>        Defendants. | Case No.: 4:23-cv-3918-YGR <br><br> **CASE MANAGEMENT AND PRETRIAL ORDER** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court hereby sets the following trial and pretrial dates:

## PRETRIAL SCHEDULE

| | |
|---|---|
| DEFENDANTS' COUNTERCLAIMS DUE: | April 30, 2024 |
| ADR BY PRIVATE MEDIATION TO BE COMPLETED BY: | July 19, 2024 |
| NON-EXPERT DISCOVERY CUTOFF: | December 12, 2024 |
| DISCLOSURE OF EXPERT REPORTS: <br><br> ALL EXPERTS, RETAINED AND NON-RETAINED, MUST PROVIDE WRITTEN REPORTS COMPLIANT WITH FRCP 26(A)(2)(B): | Opening: January 30, 2025 <br> Rebuttal: February 20, 2025 |
| JOINT CASE MANAGEMENT CONFERENCE STATEMENT: | March 10, 2025 |
| EXPERT DISCOVERY CUTOFF: | March 13, 2025 |
| FURTHER CASE MANAGEMENT CONFERENCE: | March 17, 2025, at 2:00 p.m. |
| DEADLINE TO FILE DISPOSITIVE MOTIONS: | April 2, 2025 |
| DEADLINE FOR RESPONSES TO DISPOSITIVE MOTIONS: | April 24, 2025 |
| DEADLINE FOR REPLIES TO DISPOSITIVE MOTIONS: | May 8, 2025 |

United States District Court
Northern District of California

| DISPOSITIVE MOTIONS[1] /DAUBERT MOTIONS TO BE HEARD BY: | June 10, 2025, at 2:00 p.m. |
|---|---|
| EXCHANGE OF EXHIBITS AND PRETRIAL FILINGS BY: | July 17, 2025 |
| JOINT PRETRIAL CONFERENCE STATEMENT: | September 12, 2025 |
| COMPLIANCE DEADLINE | September 19, 2025, at 9:01 a.m. |
| PRETRIAL CONFERENCE: | September 26, 2025, at 9:00 a.m. |
| TRIAL DATE : | October 13, 2025, at 8:00 a.m. for (Jury Trial) |

Pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer at least twenty-one (21) days in advance of the Pretrial Conference. The compliance deadline on Friday, September 19, 2025, at 9:01 a.m. is intended to confirm that counsel have reviewed the Court's Pretrial Setting Instructions and are in compliance therewith. Five (5) business days prior to the date of the compliance deadline, the parties shall file a one-page JOINT STATEMENT confirming they have complied with this requirement or explaining their failure to comply. All compliance deadlines are decided on the papers and personal appearances are not necessary. If compliance is complete, the compliance deadline will be vacated. Failure to timely comply with the compliance deadline may result in sanctions or an additional conference being set.

The parties must comply with both the Court's Standing Order in Civil Cases and Standing Order for Pretrial Instructions in Civil Cases for additional deadlines and procedures. All Standing Orders are available on the Court's website at http://www.cand.uscourts.gov/ygrorders.

**IT IS SO ORDERED.**

Dated:  March 26, 2024

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

---

[1] *See* Standing Order regarding Pre-filing Conference Requirements for motions for summary judgment. Parties are also advised to carefully review the Standing Order's sections on sealing procedures and experts, as they contain requirements specific to this Court. *See* Standing Order Sections 9 & 10, respectively.

2

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Robert P. Feldman (Bar No. 69602)
2   bobfeldman@quinnemanuel.com
   Margret M. Caruso (Bar No. 243473)
3   margretcaruso@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
4  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
5
   Robert M. Schwartz (Bar No. 117166)
6   robertschwartz@quinnemanuel.com
   Aaron H. Perahia (Bar No. 304554)
7   aaronperahia@quinnemanuel.com
   865 S. Figueroa St., 10th Fl.
8  Los Angeles, California 90017-2543
   Telephone:    (213) 443-3000
9
   Sam S. Stake (Bar No. 257916)
10  samstake@quinnemanuel.com
   50 California Street, 22nd Floor
11 San Francisco, California 94111-4624
   Telephone:    (415) 875-6600
12
   Dylan I. Scher (*pro hac vice*)
13  dylanscher@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
14 New York, NY 10010
   Telephone:    (212) 849-7000
15

16 *Attorneys for OpenAI, Inc.*

17                **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19

20 OPENAI, INC., a Delaware corporation,          Case No. 4:23-cv-03918-YGR

21              Plaintiff,                         Assigned to the Hon. Yvonne Gonzalez Rogers

22        vs.                                      **PLAINTIFF OPENAI, INC.'S
                                                   ADMINISTRATIVE MOTION FOR
                                                   LEAVE TO SUPPLEMENT THE**
   OPEN ARTIFICIAL INTELLIGENCE, INC.,            **RECORD ON ITS PRELIMINARY**
23 a Delaware corporation; and GUY RAVINE,        **INJUNCTION MOTION**
   an individual,
24
              Defendants.
25

26

27

28

## INTRODUCTION

Pursuant to Local Rule 7-11, Plaintiff OpenAI, Inc. respectfully requests leave to supplement the record in support of its Motion For A Preliminary Injunction (Dkt. 21) to address certain documents that Defendants produced after the November 20, 2023 hearing that substantiate Plaintiff's proof of actual confusion, secondary meaning, intent, and irreparable harm. Plaintiff seeks leave to file the short supplemental brief and the Declaration of Dylan I. Scher, dated January 29, 2024, submitted herewith, attached as Exhibits A and B to the Declaration of Robert P. Feldman in support of this motion. Defendants oppose this motion. Feldman Decl., ¶ 3.

## FACTUAL BACKGROUND

In response to Plaintiff's discovery requests, Defendants produced documents that they had received from third parties. These documents show that third parties who thought they were communicating with Plaintiff had, instead, reached out to Defendants in their confusion. These third parties are Plaintiff's actual and potential customers, as well as Plaintiff's business associates and those seeking to do business with it, including very sophisticated parties. *See* Feldman Decl., Ex. B (hereinafter "Scher Decl."), ¶¶ 2-17, Exs. A - N. Their misdirected communications included confidential information, requests for account assistance, and business opportunities. A few examples include:



- Emails sent by ███████████████████ ███████████████████████████████ containing confidential information related to companies such as ████████████ ██████. Scher Decl. Exs. A-B.

- ████████████████████████████████ ████████████████████████. *Id.* Exs. C-D.

- Dozens of ██████████████████████ ████████████████████████ (*id.,* Ex. E), ████████████ (*id.,* Ex. F), ████████████ (*id.,* Ex. G), and ████████████ ████████████████████ (*id.,* Ex. H).

- Dozens of ████████████████████████████████████

████████████████. These include communications ███████████████

████████████████████████████████ (*id.,* Exs. I-L), as well

as ████████████████████████████████ (*id.,* Exs. M-N).

These documents were produced after the November motion hearing.  Scher Decl. ¶¶ 2-15.

## ARGUMENT

Leave may be granted to supplement the preliminary injunction record because these documents, produced after the preliminary injunction hearing, further confirm Plaintiff OpenAI's entitlement to an injunction, and its urgent need for one.

***First***, this newly produced evidence leaves no doubt that confusion is likely.  *See, e.g.*, *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 433, 444 (9th Cir. 2017) (reversing lower court's determination of no infringement and holding defendant liable for infringement based in part on "potent" evidence of "several" misdirected post-purchase queries and quoting other decisions for propositions that "[c]ourts may not ignore competent evidence of actual confusion" and that even "one instance of actual confusion 'favors plaintiff at least to some extent'").

Some of this confusion evidence comes from sophisticated parties, which makes it "particularly significant" and "highly probative." *CSC Brands LP v. Herdez Corp.*, 191 F. Supp. 2d 1145, 1152 (E.D. Cal. 2001) (confusion "particularly significant in light of the fact that [confused party] is a professional food distributor … and would likely be less at risk to be confused"); *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1265 (Fed. Cir. 1995) ("Because dealers and experts are more sophisticated about the origins and sources of products lines than average consumers, their confusion is highly probative on the question of whether a likelihood of confusion exists.") (quotations omitted); *see also, e.g.*, *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1047-48 (W.D. Wash. 2019) ("no reasonable juror could find no likelihood of ongoing confusion" where "[p]otential employees have emailed employment applications to the wrong company" and "marketers and vendors have emailed advertising materials and offers to" one party "that were intended for the" other).  Plaintiff is not aware of any court within the Ninth Circuit denying a preliminary injunction in the face of such evidence of actual confusion.

**Second,** this evidence confirms the irreparable nature of the harm that Defendants' infringement causes Plaintiff. Allowing Defendants to siphon information intended for Plaintiff, including confidential information and business opportunities, such as potential press events, funding, collaborations, and employees, constitutes irreparable harm. *See, e.g., Colonial Life & Acc. Ins. Co. v. Stentorians-L.A. Cnty. Black Fire*, 2013 WL 6732687, at *3 (C.D. Cal. Dec. 19, 2013) ("the disclosure of plaintiffs' policyholder's private data to defendants is a separate basis for finding a risk of irreparable injury").

In addition, Defendants' infringement harms Plaintiff's business relationships by blocking Plaintiff's knowledge of, and therefore ability to respond to, customer issues and inquiries by business partners, who may conclude that Plaintiff is unresponsive and terminate their relationships. "Harm to business goodwill and reputation is unquantifiable and considered irreparable." *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007); *see id.* at 1305-06 (irreparable harm demonstrated where "Defendant's misleading suggestions that he is affiliated with Plaintiff impacts the quality of MySpace.com users' experiences with Plaintiff's services"); *Advanced Transit Dynamics, Inc. v. Ridge Corp.*, 2015 WL 12516692, at *24, *28 (C.D. Cal. Aug. 24, 2015) ("lost customers and market opportunities support a finding that the harm is irreparable" and recognizing "loss of access to potential customers ... is indicative of irreparable harm") (quotations omitted).

**Third,** this evidence of confusion further reflects the harm to the public that denial of a preliminary injunction would cause, including harm to those whose confidential information is shared with an unintended recipient and whose misdirected communications go unanswered. *See, e.g., Quest Diagnostics Inc. v. Elarja*, 2022 WL 2134301, at *5 (D. Nev. June 13, 2022) ("there is a strong public interest in protecting trade secrets and confidential information"); *see also NewRez LLC v. Brosnan*, 2023 WL 2347441, at *7 (C.D. Cal. Jan. 30, 2023) (public interest favors injunction where "an injunction will prevent consumers from being misled"). Absent an injunction, other parties' confidential information is put at risk, and individuals' account issues with Plaintiff will remain unresolved if their communications do not reach Plaintiff.

**Fourth,** this evidence of confusion also reflects secondary meaning in Plaintiff's OPENAI mark. "[T]he law clearly establishes that actual confusion is an indicium of secondary meaning."

*Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 987 (9th Cir. 1995) (quotations omitted); *see also* 2 McCarthy on Trademarks and Unfair Competition § 15:11 (5th ed. 2023) ("If there is reliable evidence of actual customer confusion, then it follows logically that there must also be some secondary meaning in the senior user's designation.").  If the senders of the misdirected emails had not associated that mark with a single source, they would not have erroneously addressed their emails, which were intended for Plaintiff OpenAI, to Defendants.  *See, e.g.*, *Adray*, 76 F.3d at 987 (crediting as evidence reflecting secondary meaning that "customers tried to return items purchased at Adry–Mart stores to Lou Adray, thinking the other stores were affiliated with his store"); *American Scientific Chem., Inc. v. American Hosp. Supply Corp.,* 690 F.2d 791, 793 (9th Cir. 1982) (28 misdirected letters were strong evidence of confusion to prove secondary meaning).

**Fifth**, Defendants' receipt of these emails reflects their intent to cause confusion.  That Defendants have received significant numbers of communications reflecting confusion and did nothing to alleviate it reflects their intent to capitalize on confusion.  *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1029 (9th Cir. 2004) ("that defendants d[id] nothing to alleviate confusion … provides some evidence of an intent to confuse on the part of defendants"); *Vital Pharms. v. PhD Mktg., Inc.*, 2022 WL 2952495, at *4 (C.D. Cal. July 26, 2022) ("Defendant's continued sales despite its knowledge of consumer confusion with Plaintiffs' nearly identical marks is indicative of an improper motive.").

## CONCLUSION

Plaintiff OpenAI respectfully requests that the Court enter the attached proposed order granting Plaintiff leave to supplement the record as proposed.


DATED: January 29, 2024                         Respectfully submitted,

                                                QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP

                                                By:___/s/ Robert P. Feldman_____
                                                    Robert P. Feldman
                                                Attorneys for Plaintiff OpenAI, Inc.

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-cv-03918-YGR |
| Plaintiff, | Assigned to the Hon. Yvonne Gonzalez Rogers |
| vs. | **DECLARATION OF ROBERT P. FELDMAN IN SUPPORT OF PLAINTIFF OPENAI, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON ITS PRELIMINARY INJUNCTION MOTION** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |

1    I, Robert P. Feldman, declare as follows:

2    1.    I am a member of the State Bar of California and am admitted to practice in this

3  Court.  I am an partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Plaintiff OpenAI,

4  Inc. ("OpenAI") in the above-captioned action.  I submit this declaration in support of OpenAI's

5  Administrative Motion for Leave to Supplement the Record on its Preliminary Injunction Motion.

6  I have personal knowledge of the facts set forth in this declaration and, if called to testify as a

7  witness, could and would do so competently.

8    2.    Attached hereto as **Exhibit A** is Plaintiff OpenAI, Inc.'s [Proposed] Supplemental

9  Brief Regarding Documents Defendants Produced.

10    3.    Attached hereto as **Exhibit B** is the [Proposed] Declaration of Dylan I. Scher, dated

11  January 29, 2024.

12    4.    On January 26, 2024, my colleague Dylan I. Scher emailed counsel of record for

13  Defendants, informed them that Plaintiff planned to move the Court for leave to supplement the

14  record in support of its Motion For A Preliminary Injunction, and asked if Defendants would

15  stipulate to OpenAI filing a declaration with documents and a short brief explaining their relevance.

16  Counsel of record for Plaintiff replied on January 29, 2024 that they do not consent.

17

18    I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct.  Executed on January 29, 2024, at Lafayette, California.

20

21                                */s/ Robert P. Feldman*
                                  Robert P. Feldman

22

23

24

25

26

27

28

# Feldman Declaration Exhibit A

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Robert P. Feldman (Bar No. 69602)
2    bobfeldman@quinnemanuel.com
    Margret M. Caruso (Bar No. 243473)
3    margretcaruso@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
4   Redwood Shores, California 94065-2139
    Telephone:    (650) 801-5000
5
    Robert M. Schwartz (Bar No. 117166)
6    robertschwartz@quinnemanuel.com
    Aaron H. Perahia (Bar No. 304554)
7    aaronperahia@quinnemanuel.com
    865 S. Figueroa St., 10th Fl.
8   Los Angeles, California 90017-2543
    Telephone:    (213) 443-3000
9
    Sam S. Stake (Bar No. 257916)
10   samstake@quinnemanuel.com
    50 California Street, 22nd Floor
11  San Francisco, California 94111-4624
    Telephone:    (415) 875-6600
12
    Dylan I. Scher (*pro hac vice*)
13   dylanscher@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
14  New York, NY 10010
    Telephone:    (212) 849-7000
15

16  *Attorneys for OpenAI, Inc.*

17              **UNITED STATES DISTRICT COURT**

18             **NORTHERN DISTRICT OF CALIFORNIA**

19

20  OPENAI, INC., a Delaware corporation,          Case No. 4:23-cv-03918-YGR

21              Plaintiff,                          Assigned to the Hon. Yvonne Gonzalez Rogers

22       vs.                                        **PLAINTIFF OPENAI, INC.'S**
                                                    **[PROPOSED] SUPPLEMENTAL BRIEF**
23  OPEN ARTIFICIAL INTELLIGENCE, INC.,            **REGARDING DOCUMENTS**
    a Delaware corporation; and GUY RAVINE,        **DEFENDANTS PRODUCED**
    an individual,
24
                Defendants.
25

26

27

28

Case No. 4:23-cv-03918-YGR

**INTRODUCTION**

Plaintiff OpenAI, Inc. submits this supplemental brief to explain how communications erroneously directed to Defendants further support Plaintiff's need for, and entitlement to, a preliminary injunction.  These documents, which Defendants produced after the November 20, 2023 hearing, provide additional evidence of (i) irreparable harm to Plaintiff, (ii) harm to the public interest, and (iii) Plaintiff's likelihood of success on the merits, including on the issue of secondary meaning, and the *Sleekcraft* infringement factors of actual confusion and Defendant's intent.  The nature and extent of misdirected communications removes any argument that Plaintiff's concern about the ongoing harm caused by Defendants' infringement is speculative or remote.

**FACTUAL BACKGROUND**

In response to Plaintiff's discovery requests, Defendants produced documents that they had received from third parties who thought they were communicating with Plaintiff, but had, instead, contacted Defendants in their confusion.  These third parties are Plaintiff's actual and potential customers, as well as Plaintiff's business associates and those seeking to do business with it, including very sophisticated parties.  *See* Feldman Decl., Ex. B (hereinafter "Scher Decl."), ¶¶ 2-17, Exs. A - N.  Their misdirected communications included confidential information, requests for account assistance, and business opportunities.  A few examples include:



- Emails sent by ██████████████████████ ████████████████████████████████████ containing confidential information related to companies such as ███████████████ ██████. Scher Decl. Exs. A-B.

- ████████████████████████████████████ ████████████████████████. *Id.* Exs. C-D.

- Dozens of ████████████████████████ ████████████████████████ (*id.,* Ex. E), ███████████ (*id.,* Ex. F), ██████████████ (*id.,* Ex. G), and ██████████████ ████████████████████ (*id.,* Ex. H).

PLAINTIFF OPENAI, INC.'S [PROPOSED] SUPPLEMENTAL BRIEF REGARDING DOCUMENTS DEFENDANTS PRODUCED



1   • Dozens of ██████████████████████████████████████████

2   ████████████████.  These include communications ██████████████

3   ████████████████████████████████████ (*id.*, Exs. I-L), as well

4   as ████████████████████████████████████ (*id.*, Exs. M-N).

5   Defendants produced these documents after the November motion hearing.  Scher Decl. ¶¶ 2-15.

6                                           **ARGUMENT**

7         The misdirected communications Defendants produced are highly relevant to every

8   preliminary injunction factor.  They illuminate the nature of the ongoing irreparable harm Plaintiff

9   is suffering and the harm Defendants' infringement causes the public interest.  They also provide

10  further evidence of secondary meaning in Plaintiff's OPENAI mark, as well as additional evidence

11  on the *Sleekcraft* infringement factors, providing further unequivocal evidence of actual confusion

12  and of Defendants' intent to cause confusion.

13      A.   **The Newly Produced Evidence Confirms That Plaintiff OpenAI Will Suffer**

14           **Irreparable Harm Without An Injunction.**

15        Defendants' receipt of many dozens of emails and other communications, like ██████

16  ██████, intended for Plaintiff confirms the irreparable nature of the harm that Defendants'

17  infringement causes Plaintiff.  *See* Scher Decl., ¶¶ 2-17, Exs. A-N.  That communications are

18  erroneously sent to Defendants deprives Plaintiff of the opportunity to directly respond to many

19  requests and opportunities intended for it, and it gives Defendants improper access to

20  communications intended for Plaintiff.  Both are harmful.  For example, by blocking Plaintiff's

21  knowledge of, and therefore ability to respond to, customer issues and inquiries by business partners,

22  Defendants' infringement may lead third parties to conclude that Plaintiff is unresponsive and

23  terminate their relationships.  *See, e.g.,* Scher Decl., Ex. K (██████████████████████

24  ████████████).  In addition, third parties who perceive their offers ██████████████

25  ████████████████████ (*see, e.g., id.,* Exs. E-H), may reasonably, but incorrectly,

26  assume Plaintiff has rejected those offers, irreparably harming Plaintiff's business reputation as well

27  as its opportunities.  This harm to Plaintiff's business goodwill and reputation is irreparable.  *E.g.,*

28  *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill

1   and reputation is unquantifiable and considered irreparable."); *Advanced Transit Dynamics, Inc. v.*

2   *Ridge Corp.*, 2015 WL 12516692, at *24, *28 (C.D. Cal. Aug. 24, 2015) ("lost customers and market

3   opportunities support a finding that the harm is irreparable" and recognizing "loss of access to

4   potential customers ... is indicative of irreparable harm") (quotations omitted).

5          The confidential nature of some of the communications Defendants received due to their

6   infringement compounds this harm. *See, e.g., Colonial Life & Acc. Ins. Co. v. Stentorians-L.A. Cnty.*

7   *Black Fire*, 2013 WL 6732687, at *3 (C.D. Cal. Dec. 19, 2013) ("the disclosure of … private data

8   to defendants is a separate basis for finding a risk of irreparable injury").  Without an injunction,

9   Defendants will continue to siphon information intended for Plaintiff, thereby harming Plaintiff's

10  existing and potential relationships and its reputation.

11         **B.**     **The Newly Produced Evidence Demonstrates Why The Public Interest Strongly**

12                 **Favors An Injunction.**

13         The misdirected communications Defendants received from third parties further illustrates

14  the harm to the public that denial of a preliminary injunction would cause, including harm to those

15  whose confidential information is shared with an unintended recipient and whose misdirected

16  communications go unanswered.  *See, e.g.*, *Quest Diagnostics Inc. v. Elarja*, 2022 WL 2134301, at

17  *5 (D. Nev. June 13, 2022) ("there is a strong public interest in protecting trade secrets and

18  confidential information"); *see also NewRez LLC v. Brosnan*, 2023 WL 2347441, at *7 (C.D. Cal.

19  Jan. 30, 2023) (public interest favors injunction where "an injunction will prevent consumers from

20  being misled").  Absent an injunction, third parties' confidential information is put at risk, and

21  individuals' account issues with Plaintiff will remain unresolved if their communications do not

22  reach Plaintiff.  *See, e.g.,* Scher Decl., Exs. A-D, I-N.

23         **C.**     **The Newly Produced Evidence Supports Plaintiff's Likelihood of Success On**

24                 **The Merits.**

25         The two primary issues relevant to Plaintiff's likelihood of success on the merits are (i) its

26  trademark rights in OPENAI, and (ii) whether Defendants' use of a similar mark creates a likelihood

27  of confusion.  *See, e.g.*, Dkt. 21 ("PI Motion") at 9-18.  The newly produced evidence reinforces

28  Plaintiff's showing on both.

---

PLAINTIFF OPENAI, INC.'S [PROPOSED] SUPPLEMENTAL BRIEF REGARDING DOCUMENTS DEFENDANTS PRODUCED

### 1.    *Relevance To Plaintiff's Trademark Rights*

To the extent evidence of secondary meaning is relevant to the Court's determination of Plaintiff's trademark rights (*cf. id.* at 13-15; Dkt. 45 at 5-6), the misdirected communications reflect that third parties view Plaintiff as the sole source of goods and services that use the mark OPENAI because they assumed that sending communications to an entity that uses that phrase would reach Plaintiff.  *See, e.g.,* Scher Decl., Exs. A-N.  In light of such reasoning, "the law clearly establishes that actual confusion is an indicium of secondary meaning." *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 987 (9th Cir. 1995) (quotations omitted); *see also* 2 McCarthy on Trademarks and Unfair Competition § 15:11 (5th ed. 2023) ("If there is reliable evidence of actual customer confusion, then it follows logically that there must also be some secondary meaning in the senior user's designation.").  If the senders of the misdirected emails had not associated that mark with a single source, they would not have erroneously addressed their emails, which were intended for Plaintiff OpenAI, to Defendants.  *See, e.g.*, *Adray*, 76 F.3d at 987 (crediting as evidence reflecting secondary meaning that "customers tried to return items purchased at Adry–Mart stores to Lou Adray, thinking the other stores were affiliated with his store"); *American Scientific Chem., Inc. v. American Hosp. Supply Corp.,* 690 F.2d 791, 793 (9th Cir. 1982) (28 misdirected letters were strong evidence of confusion to prove secondary meaning).  Thus, Defendants' production adds even more evidence of secondary meaning predating the filing of the complaint (*see id.,* Exs. A-B, F, H-I, K-L).

### 2.    *Relevance To Likelihood of Confusion*

The misdirected communications Defendants received from third parties strongly support that Plaintiff is likely to succeed in establishing that Defendants' use is likely to cause confusion.

*First,* the extent of this evidence of actual confusion leaves no doubt that confusion is likely.  PI Mot. at 15-16; *see also, e.g.*, *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 433, 444 (9th Cir. 2017) (reversing lower court's determination of no infringement and holding defendant liable for infringement based in part on "potent" evidence of "several" misdirected post-purchase queries and quoting other decisions for propositions that "[c]ourts may not ignore competent evidence of actual confusion" and that even "one instance of actual confusion 'favors plaintiff at least to some extent'").  That some of this confusion evidence comes from sophisticated parties

makes it "particularly significant" and "highly probative." *CSC Brands LP v. Herdez Corp.*, 191 F. Supp. 2d 1145, 1152 (E.D. Cal. 2001) (confusion "particularly significant in light of the fact that [confused party] is a professional food distributor … and would likely be less at risk to be confused"); *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1265 (Fed. Cir. 1995) ("Because dealers and experts are more sophisticated about the origins and sources of products lines than average consumers, their confusion is highly probative on the question of whether a likelihood of confusion exists.") (quotations omitted); *see also, e.g.*, *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1047-1048 (W.D. Wash. 2019) ("no reasonable juror could find no likelihood of ongoing confusion" where "[p]otential employees have emailed employment applications to the wrong company" and "marketers and vendors have emailed advertising materials and offers to" one party "that were intended for the" other). Plaintiff is not aware of any court within the Ninth Circuit denying a preliminary injunction in the face of such evidence of actual confusion.

*Second,* Defendants' receipt of communications intended for Plaintiff reflects their intent to cause confusion. *See* PI Mot. at 17-18. That Defendants have received significant numbers of communications reflecting confusion and did nothing to alleviate it (*see* Scher Decl., ¶¶ 16-17), demonstrates their intent to capitalize on confusion. *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1029 (9th Cir. 2004) ("that defendants d[id] nothing to alleviate confusion … provides some evidence of an intent to confuse on the part of defendants"); *Vital Pharms. v. PhD Mktg., Inc.*, 2022 WL 2952495, at *4 (C.D. Cal. July 26, 2022) ("Defendant's continued sales despite its knowledge of consumer confusion with Plaintiffs' nearly identical marks is indicative of an improper motive.").

## CONCLUSION

For the reasons above, and the reasons described in its prior briefing, OpenAI respectfully requests that this Court grant OpenAI's Motion for a Preliminary Injunction and preliminarily enjoin Defendants from using the Infringing Mark.

DATED: January 29, 2024                    Respectfully submitted,

                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


                                           By _____/s/ Robert P. Feldman_____
                                                    Robert P. Feldman
                                              Attorneys for OpenAI, Inc.

# Feldman Declaration Exhibit B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:     (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation, | Case No. 4:23-CV-03918-YGR |
| Plaintiff, | Assigned to Hon. Yvonne Gonzalez Rogers |
| vs. | **[PROPOSED] DECLARATION OF DYLAN I. SCHER IN SUPPORT OF OPENAI, INC.'S SUPPLEMENTAL BRIEF REGARDING DOCUMENTS DEFENDANTS PRODUCED** |
| OPEN ARTIFICIAL INTELLIGENCE, INC., a Delaware corporation; and GUY RAVINE, an individual, | |
| Defendants. | |

I, Dylan I. Scher, declare as follows:

1.    I am an attorney at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Plaintiff OpenAI, Inc. ("OpenAI") in the above-captioned action, admitted to practice before this Court *pro hac vice*.  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters. I make this declaration in support of OpenAI's Supplemental Brief Regarding Documents Defendants Produced (the "Motion") against Defendants Open Artificial Intelligence, Inc. and Guy Ravine (together, "Defendants").

2.    Attached hereto as **Exhibit A** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003247.  This document was produced by Defendants on January 10, 2024.

3.    Attached hereto as **Exhibit B** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003246.  This document was produced by Defendants on January 10, 2024.

4.    Attached hereto as **Exhibit C** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003869.  This document was produced by Defendants on January 10, 2024.

5.    Attached hereto as **Exhibit D** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003578.  This document was produced by Defendants on January 10, 2024.

6.    Attached hereto as **Exhibit E** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003636.  This document was produced by Defendants on January 10, 2024.

7.    Attached hereto as **Exhibit F** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003486.  This document was produced by Defendants on January 10, 2024.

8.      Attached hereto as **Exhibit G** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003736. This document was produced by Defendants on January 10, 2024.

9.      Attached hereto as **Exhibit H** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003317. This document was produced by Defendants on January 10, 2024.

10.      Attached hereto as **Exhibit I** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0000098. This document was produced by Defendants on December 20, 2023.

11.      Attached hereto as **Exhibit J** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003576. This document was produced by Defendants on January 10, 2024.

12.      Attached hereto as **Exhibit K** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003475. This document was produced by Defendants on January 10, 2024.

13.      Attached hereto as **Exhibit L** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003427. This document was produced by Defendants on January 10, 2024.

14.      Attached hereto as **Exhibit M** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0000168. This document was produced by Defendants on December 20, 2023.

15.      Attached hereto as **Exhibit N** is a true and correct copy of a document produced by Defendants during discovery bearing Bates number RAVINE0003640. This document was produced by Defendants on January 10, 2024.

16.      I have reviewed documents Defendants produced that reflect dozens examples of potential or actual customers of Plaintiff OpenAI sending emails to Defendants.

17.     I have reviewed documents Defendants produced that reflect dozens of other emails intended for Plaintiff OpenAI—including from potential employees and potential business partners—sending emails to Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 29, 2024, at New York, New York.

_____
Dylan I. Scher

[PROPOSED] DECLARATION OF DYLAN I. SCHER ISO OPENAI'S
SUPPLEMENTAL BRIEF REGARDING DOCUMENTS DEFENDANTS PRODUCED

# Scher Declaration
# Exhibits A-N

# EXHIBITS FILED
# UNDER SEAL

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert P. Feldman (Bar No. 69602)
 bobfeldman@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
 margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000

Robert M. Schwartz (Bar No. 117166)
 robertschwartz@quinnemanuel.com
Aaron H. Perahia (Bar No. 304554)
 aaronperahia@quinnemanuel.com
865 S. Figueroa St., 10th Fl.
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000

Sam S. Stake (Bar No. 257916)
 samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4624
Telephone:    (415) 875-6600

Dylan I. Scher (*pro hac vice*)
 dylanscher@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:    (212) 849-7000

*Attorneys for OpenAI, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENAI, INC., a Delaware corporation,<br><br>                   Plaintiff,<br><br>          vs.<br><br>OPEN ARTIFICIAL INTELLIGENCE, INC.,<br>a Delaware corporation; and GUY RAVINE,<br>an individual,<br><br>                   Defendants. | Case No. 4:23-cv-03918-YGR<br><br>Assigned to the Hon. Yvonne Gonzalez Rogers<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF OPENAI, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON ITS PRELIMINARY INJUNCTION MOTION** |

1   Before the Court is Plaintiff OpenAI, Inc.'s Administrative Motion for Leave to Supplement

2   the Record on its Preliminary Injunction Motion (the "Motion").

3   Having considered the papers and arguments of counsel, and for good cause appearing, the

4   Court hereby GRANTS Plaintiff's Motion pursuant to Local Rule 7-11.  Plaintiff may file its

5   supplemental brief and Scher Declaration within one (1) business day.

6

7   IT IS SO ORDERED.

8

9   DATED: _____, 2024

10

11

12   _____
     Honorable Yvonne Gonzalez Rogers
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28